UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DEBORAH ATHERTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-308-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Deborah Atherton is currently confined by the Bureau of Prisons ("BOP") at the Dismas House of Charities in Louisville, Kentucky.[1]  On October 16, 2015, while confined at the Federal Prison Camp located on the campus of the Federal Medical Center ("FMC") in Lexington, Kentucky, Atherton filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Record No. 1; as amended at Record Nos. 10, 13 and 15][2] Atherton seeks an order directing the BOP to apply 513 days of credit to the 50-month federal sentence which she is currently serving.[3]  She also challenges the validity of her

---

[1]     The BOP's website lists Atherton's address as the Residential Reentry Management Field Office, 701 Broadway St, Suite 124, Nashville Tennessee, 37203.  *See* http://www.bop.gov/inmateloc/ (last visited on December 17, 2015).

[2]     Atherton has also filed several letters with the Court supplementing her requests for relief.  [Record Nos. 4, 7, and 9]

[3]     Atherton is tentatively scheduled to be released from custody on June 28, 2016.  *See* http://www.bop.gov/inmateloc/ (last visited on December 17, 2015).

underlying criminal conviction.  Because Atherton is not entitled to any of the relief sought, her petition will be denied.[4]

## I.

On June 15, 2011, Atherton, Timothy Whiteagle and Clarence Pettibone were indicted by a Wisconsin grand jury on charges of bribery, conspiracy to commit bribery, and making false statements in violation of 18 U.S.C. §§ 666(a)(2), 666(a)(1)(B), and 371. *United States v. Whiteagle et al.*, Case No. 3: 11-CR-65-WMC-3 (W.D. Wis. 2011) ("the 2011 Criminal Case"); [Record No. 5, therein].[5]   Atherton was served with a criminal summons on June 20, 2011.  [*Id.*, Record No. 13, therein]  On July 12, 2011, Magistrate Judge Stephen L. Crocker entered an order releasing Atherton from federal custody, subject to standard conditions of release.  [*Id.*, Record No. 25, therein]

In a subsequently-filed criminal case, Atherton pled guilty to one count of an Information alleging a conspiracy to make false statements to a credit union for the purpose of obtaining a mortgage loan in violation of 18 U.S.C. § 1014.  *United States v. Atherton*, Case No. 3:12-CR-45-WMC-3 (W.D. Wis. 2012) ("the 2012 Criminal Case"); [Record No. 5, therein].  As the result of her guilty plea in the 2012 Criminal Case, the charges filed

---

[4]      In addition to the substantive arguments addressed below, Atherton also summarily requests various forms of miscellaneous relief, including a permanent name change, new social security number, and several requests related to her desire to establish a "Paralegal Services Business" in the future.  [Record Nos. 7, 15]  The Court is without jurisdiction over these requests and they will be denied.

[5]      Generally, Atherton was accused of helping Whiteagle bribe Pettibone, an elected legislator for the Ho-Chunk Nation of Wisconsin.  *United States v. Whiteagle*, 759 F.3d 734 (7th Cir. 2014).  In exchange for money and valuables provided by Whiteagle and Atherton, Pettibone helped three of Whiteagle's business clients obtain lucrative contracts with the Ho-Chunk Nation.

against Atherton in the 2011 Criminal Case were dismissed.  [*See* Record No. 222, therein.] On October 10, 2012, the district court sentenced Atherton to a 50-month prison term followed by a 2-year term of supervised release, and ordered her to make restitution in the amount of $ 518,321.76.  [Record No. 23, therein]

On October 25, 2012, the district court entered an order directing Atherton to surrender to the BOP and report to FMC-Lexington to begin serving her 50-month federal sentence on November 13, 2012.  [*Id.*, Record No. 31, therein]   In January 2013, the United States Court of Appeals for the Seventh Circuit dismissed Atherton's appeal of her conviction and sentence.  [*Id.*, Record No. 42, therein]; *see United States v. Atherton*, No. 12-3436 (7th Cir. Jan. 2, 2013).   Thereafter, Atherton filed a motion to vacate her sentence under 28 U.S.C. § 2255 [*see* Record No. 43, therein].  However, the district court rejected her claims.  [Record No. 55, therein]  On December 15, 2015, the district court entered a "TEXT ONLY ORDER" denying Atherton's motions seeking release from custody and the dissolution of her marriage.

## II.

In her current petition, Atherton seeks an order directing the BOP to credit her federal sentence with what she identifies as 513 "In Custody Days." [Record No. 1, p. 1]  Atherton reiterates this broad request throughout her attachments [*see* Record No. 1-2, pp. 1-20]; however, she does *not* identify the specific dates covered in her request.  In an administrative remedy document attached to the petition, Atherton stated:

> I am requesting 513 days of time served while I was out on my own recognizance, while awaiting trial or other remedy for relief.  In March 2009, I was arrested for the same offense which was dismissed in June 2009 . . . . re-indicted me in March 2012, two weeks before the trial on the same offense-

double jeopardy.  I am respectfully requesting consideration given to me per Supreme Court law & due process law.

[Record No. 1-2, p. 9]

Throughout her petition and attachments, Atherton contends that, because she was in "official detention" during those 513 days, she is entitled to corresponding amount of credit toward her federal sentence.  Atherton contends that *Hensley v. Municipal Court*, 411 U.S. 345 (1973), supports her request for an award of 513 days of credit toward her sentence, meaning that she should immediately be released from federal custody based on her projected release date of June 28, 2016.

Atherton partially exhausted her claims pursuant to the BOP's administrative remedy process.  *See* 28 C.F.R. §§ 542.13–.18.  On May 7, 2015, FMC-Warden Francisco Quintana denied Atherton's BP-9 Request for Administrative Remedy, concluding that the BOP did not consider Atherton as having been "in custody" during the time she was released on bond. [Record No. 1-1, p. 5]  Quintana cited the BOP's internal policy, BOP Program Statement 5880.28, *Sentence Computation Manual-CCCA of 1984*, which specifically defines "official detention" as time spent under a federal detention order.  [Record No. 1-2, p. 7]

Quintana explained that, pursuant to the Program Statement, "a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release."  [*Id*., citing BOP Program Statement 5880.28, Pages 1-14F; 1-14G].  Further, "official detention does not include any time in a release status even though the defendant is considered 'in custody' for purposes of pursuing a habeas corpus petition with the court, as cited by the U.S. Supreme Court in *Hensley v.*

-4-

*Municipal Court,* 411 U.S. 345 (1973)."   [*Id.* (citing BOP Program Statement 5880.28, at Page 1-16)].

Atherton appealed Quintana's denial to the BOP's Mid-Atlantic Regional Office ("MARO"), as evidenced by a receipt from MARO dated June 15, 2015.  [Record No. 1-2, p. 13]   But she did not attach any substantive response and/or denial from the MARO. However, the Court assumes that MARO denied Atherton's BP-10 appeal, because Atherton alleged in her July 12, 2105, BP-11 appeal to the BOP Central Office that she was appealing the "Denial by Warden Quintana and the Regional Office of 'in custody' days credit." [Record No. 1-2, pp. 4 and 5]

On August 10, 2015, the BOP Central rejected Atherton's BP-11 appeal because of procedural defect, but gave her 15 days to cure it.  [*Id.*, p. 3]  Again, Atherton did not attach any substantive response or denial from the BOP Central Office, but the Court will assume that the BOP Central Office denied her BP-11 appeal on the merits.

## III.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates her Petition under a more lenient standard because Atherton is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).  At this stage of the proceedings, the Court accepts Atherton's factual allegations as true and liberally construes her legal claims in her favor.

Atherton's petition, as amended, suffers from a serious defect: it does not identify the specific, or even approximate, dates for which Atherton seeks credit toward her federal sentence. Instead, Atherton merely asserts that she is entitled to 513 days of "in custody" credit based on the holding in *Hensley*. Atherton's failure to provide this critical and basic information constitutes grounds to dismiss the petition as factually inadequate. However, affording Atherton some degree of leniency, the Court has attempted to determine what time frame is, or may be, the subject of her petition.

Based on the conditional release order entered in both in the 2011 Criminal Case [Record No. 25, therein (July 12, 2011)] and the 2012 Criminal Case [Record No. 4, therein (April 4, 2012)], and the October 26, 2012, Order entered in the 2012 Criminal Case, which directed Atherton to surrender to the BOP on November 13, 2012, the Court calculates that Atherton is seeking credit for the period between July 11, 2011 (the date on which she was conditionally released), and November 13, 2012 (the date on which she surrendered to the BOP to begin serving her sentence). This period covers approximately 485 days, but Atherton does not explain why another 28 days should be credited to her 50-month sentence.

Assuming that the additional 28 days should be included in the time during which Atherton was on conditional release while her criminal case was proceeding in the Wisconsin district court, the BOP properly denied Atherton's request to apply 513 days of credit against her federal sentence. The analysis begins with 18 U.S.C. § 3585(b), which provides:

> (b) **Credit for prior custody**.- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1)      as a result of the offense for which the sentence was imposed; or

(2)      as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Under the statute, the Attorney General, through the BOP, is authorized to grant a prisoner credit for time spent in pre-sentence detention.  *Id.*; *United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 507 U.S. 1019 (1993).  Congress has limited the available credits in two ways, the statute specifying that credits be given only for time in "official detention" and only time "that has not been credited against another sentence."  18 U.S.C. § 3585(b).

As noted above, Atherton cites *Hensley v. Municipal Court*, 411 U.S. 345 (1973), as authority for her argument that she is entitled to 513 days of credit toward her federal sentence.  In *Hensley*, the Supreme Court defined the term "in custody" to include time spent released on bail for purposes of the federal habeas corpus statute.  *Id.* at 351.  *Hensley* did not address the calculation of credit for custody for purposes of 18 U.S.C. § 3585, and it does not control the resolution of Atherton's petition.  "[I]n *Hensley*, the Supreme Court held that a person released on his own recognizance is 'in custody' for the purpose of filing a habeas corpus petition under 28 U.S.C. § 2241 or 2255 to attack his conviction.  The definition of 'in custody' established by *Hensley* is inapplicable to an action under section 3568 seeking credit against a federal prisoner's sentence."  *United States v. Longo*, 782 F.2d 1044, 1985

-7-

WL 14075 (6th Cir. 1985) (unpublished table decision) (addressing 18 U.S.C. § 3568, the predecessor to 18 U.S.C. § 3585).[6]

In *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court addressed the term "official detention" when faced with a split in circuits regarding whether a prisoner "released" on bail pursuant to the Bail Reform Act of 1984 is entitled to credit toward his sentence under § 3585(b) for time spent in a community treatment center as a condition of his release on bond. The Court determined that time which Koray spent at a community treatment center "while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b). [Petitioner Koray] therefore was not entitled to a credit against his sentence of imprisonment." *Reno*, 515 U.S. at 65. Credit for time spent in "official detention" under § 3585(b) is available *only* to those defendants who were detained in a penal or correctional facility and are subject to control by the BOP. Under this holding, Atherton is not entitled to credit against her sentence while she was released because she was not in "official detention" under § 3585 during that time.

The result reached in *Koray* is consistent with holdings by the United States Court of Appeals for the Sixth Circuit and this Court. In *United States v. Becak*, 954 F.2d 386, 388 (6th Cir. 1992), *cert. denied*, 504 U.S. 945 (1992), the Sixth Circuit held that sentence credits under § 3585 for "official detention" may be granted only for "conditions equivalent to physical incarceration." Later, in *United States v. Franklin*, 64 F. App'x 965, 968 (6th Cir.

---

[6]     Title 18 U.S.C. 3585 became effective for crimes committed on or after November 1, 1987. Prior to the enactment of § 3585, credit for presentence custodial time was governed by former 18 U.S.C. § 3568, which mandated sentence credit for any days spent "in custody." The language "in custody" was replaced by "official detention" in § 3585. The Sixth Circuit has interpreted "in custody" to require physical incarceration. *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir. 1987).

2003), the Sixth Circuit relied on *Koray* to deny a defendant credit for time which he spent in the halfway house of charitable and religious organization prior to the commencement of sentence, concluding that even though his liberty was restricted, a defendant suffers detention only when he has been committed to custody of Attorney General. *Id*. Similarly, in *Modlin v. Hambrick*, 793 F. Supp. 136 (E.D. Ky. 1992), this Court followed *Becak* in addressing a § 2241 petitioner's request for sentence credits based on pre-sentence time which she had spent in community corrections center.

District courts in this circuit have consistently followed the results reached in *Reno*, *Becak*, *Franklin*, and *Modlin* in denying similar requests for sentence credits based on time which was not spent in "official detention," as defined by § 3585(b) and Program Statement 5880.28. *See, e.g.*, *Wineinger v. Warden, FCI-Elkton*, No. 03:12-CV-2976, 2013 WL 2089498, at *3 (N.D. Ohio May 14, 2013) ("Petitioner was not under BOP control once he was released on bail. Restrictive conditions notwithstanding, Petitioner was not in 'official detention' while he was in the Compass treatment program and is not entitled to credit under Section 3585."); *Payne v. U.S. Atty. Gen*., No. 0:11-CV-35-HRW, 2011 WL 5975524, at *3 (E.D. Ky. Nov. 29, 2011); *Chavez v. Booker*, No. 05-CV-212, 2005 WL 1691038, at *3 (E.D. Ky. July 18, 2005) (denying § 2241 petition seeking pre-sentence credit for time which the petitioner agreed to spend in a Community Corrections Center as condition of his pre-trial and pre-surrender release); *Boyd v. Marberry*, No. 05-CV-70759-DT, 2005 WL 1345290, at *3 (E.D. Mich. June 1, 2005) ("Petitioner was released on bond subject to the condition that he report to a community corrections center. Like *Koray*, he was not in 'official detention' for purposes of § 3585(b). Therefore, he is not entitled to sentencing credit for the time that he spent in a halfway house as a pretrial detainee.").

-9-

In short, *Hensley* provides no support for Atherton's request for 513 days of sentence credit for the time during which she was released—subject to the conditions imposed by the Wisconsin district court—between July 11, 2011, and November 13, 2012.  The relevant authorities discussed above demonstrate that: Atherton was not in "official detention" for purposes of calculating her sentence under 18 U.S.C. § 3585 during that period; Atherton is not entitled to the 513 days of sentence credit which she seeks in her petition; and the BOP properly denied her administrative remedy requests and appeals.

## IV.

Next, Atherton challenges the validity of her underlying Wisconsin criminal conviction, alleging that: she was improperly charged with criminal conduct in violation of the United States Constitution and international law involving Indian Tribunals; the government had insufficient evidence to charge her with criminal activity; and she was denied due process of law in various instances during her criminal proceeding.  [*See* Record Nos. 10, 13.]  Atherton cites the "Tribal Exhaustion Doctrine, the Indian Tribal Justice Act, 25 U.S.C. § 3601, the Indian Civil Rights Act, 25 U.S.C. § 1302 and 18 U.S.C. §§ 1152 and 1153" in support of her first argument.  [Record No. 13, p. 2]

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if she challenges the execution of his sentence (i.e., the BOP's calculation of sentence credits or other issues affecting the length of her sentence).  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).  The primary avenue for federal prisoners seeking relief from an unlawful conviction

or sentence is 28 U.S.C. § 2255, rather than § 2241.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of her conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of her detention.  28 U.S.C. § 2255(e); *see Wooten v. Cauley*, 677 F.3d 303, 306–07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.  Atherton now collaterally challenges her conviction and sentence on Fifth Amendment grounds under § 2241, via the "savings clause" of § 2255(e).  However, § 2241 is not the proper mechanism for asserting these claims and Atherton has not demonstrated that her remedy under § 2255 is inadequate or ineffective.

In the § 2255 motion filed in the Wisconsin district court, Atherton alleged that: (1) in entering her guilty plea, she was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution; (2) she was the subject of prosecutorial conduct, vindictiveness, and selective prosecution in violation of the Fifth Amendment's due process guarantee; (3) the district court improperly required her to make restitution; and (4) the government did not have jurisdiction to prosecute her under the tribal exhaustion doctrine of the Ho-Chink Nation's Code of Ethics.

On October 20, 2015, the Wisconsin district court rejected all of Atherton's arguments as without merit, and denied her § 2255 motion.  Atherton cannot make these same identical claims by simply re-asserting them in a § 2241 petition.  "The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been

-11-

denied relief under § 2255, the petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred from pursuing relief under § 2255, or the petitioner has allowed the one-year statute of limitations to expire." *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (citing *Charles*, 180 F.3d at 756–58). Section § 2241 is "not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Charles*, 180 F.3d at 758.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if she alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

> [T]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him . . . [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." One way to establish factual innocence is to show "an intervening change in the law that establishes [the petitioner's] actual innocence. This may be achieved by demonstrating (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012) (internal citations omitted). While Atherton argues "actual innocence," she has failed to cite a decision from the Supreme Court

case which applies retroactively to her § 2241 petition, and she has not alleged a valid actual innocence claim.

## V.

Atherton has not demonstrated that she is entitled to relief under 28 U.S.C. § 2241 regarding any of her claims.  Accordingly, for the reasons discussed above, it is hereby

**ORDERED** as follows:

1.      Petitioner Atherton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1, as amended at Record Nos. 13 and 15] is **DENIED**.

2.      Petitioner Atherton's motion to expedite [Record No. 21] is **DENIED** as moot.

3.      This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 23rd day of December, 2015.

Signed By:

*Danny C. Reeves*    DCR

**United States District Judge**

-13-